UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 2:13-cr-0021-JMS-CMM |
| | ) | |
| WILLIAM BELL & | ) | -01 |
| LENARD DIXON, | ) | -02 |
| *Defendants.* | ) | |

## **ORDER**

Presently pending before the Court is the Government's Supplemental Motion for Courtroom Security Measures concerning Defendant Lenard Dixon. [Filing No. 62.] The Government asks that Defendant Dixon be shackled during trial with leg irons because of violent tendencies allegedly shown through his criminal history and his conduct while incarcerated. [Filing No. 42 (referencing Filing No. 62-1 and Filing No. 62-2).]

The Seventh Circuit Court of Appeals has held that "courts must guard against practices which unnecessarily mark the defendant as a dangerous character or suggest that his guilt is a foregone conclusion." *Lemons v. Skidmore*, 985 F.2d 354, 357 (7th Cir. 1993). That said, even "under the constitutional right to a fair trial, it is still permissible to require the party to appear in shackles if there is 'extreme need.'" *Id.* at 357-58. The Court has wide discretion to determine whether there is an extreme need, and "[t]he preferred procedure is for the trial judge to hold a brief hearing before trial at which the state may try to prove that restraints are necessary." *Id.* at 358. The district judge "may not delegate [her] discretion to another party" and, instead, should make the decision herself after considering all of the evidence, including the opinions of court security officers and penal institution staff. *Id.*

The Court will hold a brief evidentiary hearing on the Government's Motion for Courtroom Security Measures regarding Defendant Lenard Dixon, [Filing No. 62], at the final pretrial conference scheduled for **10:30 a.m.** on **May 28, 2014** in **Room 131**, United States Courthouse, 921 Ohio Street, Terre Haute, IN 47807.  If Mr. Dixon intends to object to the admissibility or factual representations in the Government's exhibits, [Filing No. 62-1; Filing No. 62-2], he should file an objection by **10:00 a.m.** on **May 27, 2014**.  As necessary to respond to any objection, or if the Government intends to rely on evidence not included in the exhibits previously submitted, relevant witnesses should be present.

05/22/2014

*(signature)*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Michael J. Donahoe
INDIANA FEDERAL COMMUNITY DEFENDERS
mike.donahoe@fd.org

Jessie A. Cook
LAW OFFICE OF JESSIE A. COOK
jessieacook@icloud.com

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov

Matthew P. Brookman
UNITED STATES ATTORNEY'S OFFICE - EV
Matthew.Brookman@usdoj.gov