UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 2:13-cr-0021-JMS-CMM |
| | ) | |
| WILLIAM BELL & | ) | -01 |
| LENARD DIXON, | ) | -02 |
|     *Defendants.* | ) | |

## **ORDER**

At the final pretrial conference, the Court took a portion of Defendant Lenard Dixon's Motion in Limine under advisement. [Filing No. 68 (referencing Filing No. 64 at 3).] The Court now **GRANTS IN PART** and **DENIES IN PART** that portion of the pending Motion in Limine. [Filing No. 64 at 3.]

### **A. Evidence of Findings, Results, or Punishment from Disciplinary Process**

Mr. Dixon asks the Court to order the Government and its witnesses to refrain from referring to "Mr. Dixon's BOP administrative/disciplinary hearing process that followed the offense herein and resulted in institutional disciplinary notices, hearings, findings and appeals, including letters, statements, and appeals to and from Mr. Dixon." [Filing No. 64 at 3.] In response, the Government states that it does not intend to elicit evidence of the findings, results, or any punishment resulting from the Bureau of Prisons administrative disciplinary hearing process that followed the incident in question. [Filing No. 66 at 2.] Thus, the Court **GRANTS IN PART** Mr. Dixon's Motion in Limine such that the Government is precluded from eliciting testimony regarding the findings, results, or punishment Mr. Dixon received during the prison disciplinary process. The Government should **INFORM RELEVANT WITNESSES** about this ruling.

**B. Evidence of Statements Mr. Dixon Made During Disciplinary Process**

The parties dispute whether evidence regarding statements Mr. Dixon made during the prison disciplinary process is admissible. In response to Mr. Dixon's motion, the Government states that it intends to introduce evidence that during the disciplinary process, Mr. Dixon "made several false exculpatory statements," which the Government contends evinces Mr. Dixon's "consciousness of guilt." [Filing No. 66 at 2.] The Government emphasizes that before making these statements, Mr. Dixon was advised orally and in writing as follows:

> You are advised of your right to remain silent at all stages of the institutional disciplinary process. But Are Informed That Your Silence May Be Used to Draw An Adverse Inference Against You At Any Stage of The Institutional Disciplinary Process. You are also informed that your silence alone may not be used to support a finding that you have committed a prohibited act.

[Filing No. 66-1 at 1.]

"The privilege against self-incrimination does not terminate at the jailhouse door, but the fact of a valid conviction and the ensuing restrictions on liberty are essential to the Fifth Amendment analysis." *McKune v. Lile*, 536 U.S. 24, 36 (2002). The United States Supreme Court "has recognized that lawful conviction and incarceration necessarily place limitations on the exercise of a defendant's privilege against self-incrimination." *Id.* (citing *Baxter v. Palmigiano*, 425 U.S. 308 (1976)). "A broad range of choices that might infringe constitutional rights in a free society fall within the expected conditions of confinement of those who have suffered a lawful conviction." *McKune*, 536 U.S. at 36.

In *Baxter*, a state prisoner objected to the fact that his silence at a prison disciplinary hearing would be held against him at that hearing. *McKune*, 536 U.S. at 42. The Supreme Court acknowledged that "[t]he inmate in *Baxter* no doubt felt compelled to speak in one sense of the word. The Court, considering the level of compulsion in light of the prison setting and the

State's interests in rehabilitation and orderly administration, nevertheless rejected the inmate's self-incrimination claim." *McKune*, 536 U.S. at 38. The Supreme Court emphasized that the state prison disciplinary rules at issue in *Baxter* did not violate Fifth Amendment principles because no criminal proceedings were pending against the prisoner at that time, the prisoner was notified that he could remain silent if he chose, and remaining silent would not automatically result in a guilty finding on the disciplinary charges. 425 U.S. at 317. In other words, it was "undisputed that an inmate's silence in and of itself is insufficient to support an adverse decision" on the disciplinary charge. *Id.* The Supreme Court concluded that "[t]his does not smack of an invalid attempt by the State to compel testimony without granting immunity or to penalize the exercise of the privilege." *Id.* at 318. Instead, the Supreme Court considered "[t]he advice given inmates by the decisionmakers is merely a realistic reflection of the evidentiary significance of the choice to remain silent." *Id.* It distinguished the facts at hand from the "very different" circumstances "where refusal to submit to interrogation and to waive Fifth Amendment privilege, standing alone and without regard to the other evidence . . . was treated as a final admission of guilt." *Id.* at 317-18 (collecting cases).

It is undisputed that Mr. Dixon was advised that he had the right to remain silent at the disciplinary process and that he was advised that his silence could be used against him. [Filing No. 66-1.] It is also undisputed that Mr. Dixon was advised that "your silence alone may not be used to support a finding that you have committed a prohibited act." [Filing No. 66-1.] There is no evidence that Mr. Dixon had criminal charges pending against him at the time he made the statement at the disciplinary hearing. [Filing No. 66-1 (statement made on November 28, 2011); Filing No. 1 (Indictment filed on May 29, 2013).] Based on these undisputed facts, Mr. Dixon's case is similar to *Baxter*. 425 U.S. at 317-18.

However, Mr. Dixon's case also differs from *Baxter* in that Mr. Dixon did not invoke his right to remain silent and the Government now intends to use the statements he made at a subsequent criminal proceeding.  The Supreme Court "has insisted that the 'constitutional guarantee is only that the witness not be *compelled* to give self-incriminating testimony.'" *McKune*, 536 U.S. at 36 (original emphasis) (citing *United States v. Washington*, 431 U.S. 181, 188 (1977)).  Mr. Dixon has not presented any evidence that he felt compelled to testify at the disciplinary hearing such that the voluntariness of those statements is undermined.  Nor has he cited case law supporting his argument that the statements are inadmissible.[1]  In fact, *Baxter* itself contemplated the potential that the Government could use disciplinary statements in a subsequent criminal prosecution if immunity was not granted, holding that "[t]his does not smack of an invalid attempt by the State to compel testimony without granting immunity or to penalize the exercise of the privilege."  *Id.* at 318; *see also United States v. Segal*, 549 F.2d 1293, 1299 (9th Cir. 1977) (*Baxter* "held that a negative, though not conclusive, inference can be drawn from the failure of a prisoner to testify . . . even though the testimony if given could lead to criminal prosecution."), *cert. denied*, 431 U.S. 919 (1977).

It is undisputed that had Mr. Dixon remained silent at the disciplinary proceeding, that silence would not have been dispositive.  [Filing No. 66-1 ("You are also informed that your silence alone may not be used to support a finding that you have committed a prohibited act.").]  Based on *Baxter* and *McKune*, the Court concludes that Mr. Dixon was not compelled to give self-incriminating testimony during the prison disciplinary proceeding.  Accordingly, based on those cases, evidence of the statements he made during the disciplinary proceedings is admissible

---

[1] The only case Mr. Dixon cites stands for the proposition that the outcome of a disciplinary proceeding is inadmissible, which the Government does not dispute.  [Filing No. 64 at 3 (citing *United States v. Thomas*, 155 F.3d 833, 836 (7th Cir. 1998)).]

at trial. The Court **DENIES IN PART** Mr. Dixon's motion in limine to the extent that he seeks to exclude evidence of the statements identified by the Government.

### C. Conclusion

In sum, the Court **GRANTS IN PART** Mr. Dixon's Motion in Limine to the extent that he seeks to exclude evidence of the findings, results, or any punishment resulting from the Bureau of Prisons administrative disciplinary hearing process following the incident in question. [Filing No. 64.] The Court **DENIES IN PART** Mr. Dixon's motion in limine to the extent that he seeks to exclude evidence of statements he made during the prison disciplinary process. [Filing No. 64.]

**Distribution via ECF only:**

Michael J. Donahoe
INDIANA FEDERAL COMMUNITY DEFENDERS
mike.donahoe@fd.org

Jessie A. Cook
LAW OFFICE OF JESSIE A. COOK
jessieacook@icloud.com

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov

Matthew P. Brookman
UNITED STATES ATTORNEY'S OFFICE - EV
Matthew.Brookman@usdoj.gov